# Mays, Appellant, v. Melat.

*Equity—Equity practice—Accountants—Assessors—Partnerships.*

Where on a bill in equity for a partnership accounting, the trial judge calls to his assistance, a competent accountant as an assessor, and reaches a decree after a painstaking investigation of complicated and obscure accounts, and the result reached is as nearly correct as it is possible to secure from the books of the parties, the appellate court will not interfere with the decree.

Argued May 15, 1905.   Appeal, No. 242, April T., 1905, by

plaintiff, from decree of C. P. Venango Co., Aug. T., 1903, No. 5, on bill in equity in case of William H. Mays v. B. Frank Melat. Before BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Bill in equity for a partnership accounting. Before CRISWELL, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was the decree of the court.

*Thomas Matthews*, for appellant.

*F. A. Sayers*, for appellee.

OPINION BY ORLADY, J., November 20, 1905:

These partners kept their accounts in so complicated and untrustworthy a manner that it is not possible to determine their respective rights with certainty or accuracy upon the dissolution of their partnership. As stated by the court below, " Neither of the partners were familiar with bookkeeping or able to keep accurate or even intelligent accounts of their transaction. No accounts were kept except very crude ones which were not self-explanatory and which did not pretend to embrace in detail the relations of the firm to those with whom they had transactions, or the status of the members toward the firm or towards each other." To aid in adjusting their differences the court below called to its assistance a competent accountant as an assessor, and after a painstaking investigation reached a result which is as nearly correct as it is possible to secure from the books of the parties. An examination of the whole record has convinced us that the decree made by the court below is substantially correct.

The assignments of error are overruled and the decree is affirmed.